## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DWANE CHERRY-EL,<br><br>    *Plaintiff*,<br><br><br>  v.<br><br>SABRINA MARTIN, *et al.*,<br><br>    *Defendants*. | Civil Action No. 24-3456 (RDM) |

## <u>MEMORANDUM OPINION</u>

Plaintiff, proceeding *pro se*, brings this action against Sabrina Martin and Arturo Vazquez, whom he describes as "manager[s]" of what the Court understands to be Plaintiff's place of employment. Dkt. 1 at 1–2 (Compl.). The Complaint contains little to no factual detail. Plaintiff alleges that his claim arises under the "Civil Rights Act of 1965," Dkt. 1 at 3, and he alleges as follows: "From the [beginning,] the manager has tr[ied] to bring harm and [to] create a hostile work environment;" has engaged in "discrimination to the other employee;" has "violat[ed] . . . policy by allow[ing] resident abusive work environment;" and has failed to "allow . . . time to take train[ing] classes." *Id.* at 4. He seeks $1,000,000 in damages and an order "allow[ing] [him] to work in a non-abusive workplace" and requiring Defendants to "pay money for . . . travel mileage." *Id.* As another point in his complaint, Plaintiff refers to "being treated as a "non-citizen" and to the non-payment of wages. *Id.* at 3.

Where, as here, the plaintiff is proceeding *pro se*, the Court will hold his pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Although there is no evidence that

either of the two defendants have been served, the Court may *sua sponte* dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) where "it is patently obvious" that the plaintiff cannot "prevail[] on the facts alleged in his complaint."  *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *see also Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011).  This is such a case.

Giving Plaintiff the benefit of the doubt, the Court can assume that he intends to bring suit under Title VII of the Civil Rights Act of 1964 (and not under the Civil Rights Act of 1965, which protects voter from racial discrimination).  But even with that benefit, the complaint does not allege that the "hostile work environment" was the product of Plaintiff's race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a).  Moreover, according to the complaint, Plaintiff and both defendants reside in Maryland.  Dkt. 1 at 1–2.  Under Title VII, however, an action may be brought only in the judicial district in which the allegedly unlawful employment practice occurred or where the relevant employment records are maintained, 42 U.S.C. § 2000e-5(f)(3), and the complaint fails to identify any action that occurred in the District of Columbia or any employment records that are maintained here.

Most fundamentally, the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This requirement "ensures that the opposing party will receive 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Jones v. Changsila*, 271 F. Supp. 3d 9, 21 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  "Where a complaint is insufficiently focused, it places an undue burden on the defendant to answer or move[,] and it invites unnecessary delay and confusion in the proceedings."  *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 71 (D.D.C. 2015).

Here, Plaintiff's complaint contains a handful of vague, legal conclusions, such as the conclusion that Defendants created a hostile work environment and discriminated.  But, even when considered liberally, the complaint offers no indication of what happened or of why that series of events, if accepted as true, would entitle Plaintiff to relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  It says nothing about what Defendants allegedly did to create a hostile work environment or why they did so.  It says nothing about the alleged discriminatory treatment of "the other employee," and, indeed, does not even indicate whether that other employee was favored or disfavored or whether that discriminatory treatment was based on the other employee's race, color, religion, or national origin.  It says nothing about who employed Plaintiff and Defendants or about why Defendants' status as "managers" subjects them to liability under Title VII.  And it says nothing about what job Plaintiff was hired to perform or about what term, condition, or privilege of employment he was denied based on a protected status.  In short, the complaint leaves the reader without any notice regarding the nature or substance of Plaintiff's claim.  As a result, it cannot withstand even minimal scrutiny under Rules 8 and 12(b)(6).

The Court will, accordingly, **DISMISS** Plaintiff's complaint pursuant to Rules 8 and 12(b)(6).

A separate order shall issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  February 26, 2025

3